MANDATE

Case 22-2926, Document 94, 10/27/2023, 3585090, Page1 of 7

22-2926-bk
*In re Mosdos Chofetz Chaim Inc.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of October, two thousand twenty-three.

Present:

    DEBRA ANN LIVINGSTON,
        *Chief Judge*,
    JOSÉ A. CABRANES,
    RICHARD J. SULLIVAN,
        *Circuit Judges*.

---

In re Mosdos Chofetz Chaim Inc.,

    *Debtor*.

---

AARON D. GEWIRTZMAN, BENT PHILIPSON, DANIEL ROSENBLUM, JOSEPH GRUNWALD, MARK BLISKO, SHIMON ZAKS and RABBI MAYER ZAKS,

    *Plaintiffs-Appellants*,

    v.                                                  22-2926

SAMUEL MARKOWITZ, STEVEN M. GREEN, DANIEL GREEN, YEHUDA BLUMINFELD and YOM T. HENIG,

    *Defendants-Appellees*.*

---

\* The Clerk of Court is respectfully directed to amend the official case caption as set forth above.

1

MANDATE ISSUED ON 10/27/2023

| | | |
|---|---|---|
| For Plaintiffs-Appellants: | | Robert A. Spolzino, Abrams Fensterman, LLP, White Plains, NY. |
| For Defendants-Appellees: | | Michael Levine, Levine & Associates, P.C., Scarsdale, NY; Tracy L. Klestadt, Klestadt Winters Jureller Southard & Stevens, LLP, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Halpern, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiffs-Appellants Aaron Gewirtzman, Bent Philipson, Daniel Rosenblum, Joseph Grunwald, Mark Blisko, Shimon Zaks, and Rabbi Mayer Zaks ("Appellants") appeal from the October 13, 2022 judgment of the United States District Court for the Southern District of New York (Halpern, *J.*) affirming the bankruptcy court's award of summary judgment in favor of Defendants-Appellees Samuel Markowitz, Steven Green, Daniel Green, Yehuda Bluminfeld, and Yom Henig ("Appellees"). On appeal, Appellants assert that the bankruptcy court lacked subject matter jurisdiction to hear the underlying dispute and to rule on Appellees' motion for summary judgment. In addition, Appellants argue that the bankruptcy court erroneously granted summary judgment in favor of Appellees given the existence of genuine issues of material fact and that it did so prematurely, before Appellants could conduct sufficient discovery to oppose the motion for summary judgment. Appellants assert that the district court's affirmance of the bankruptcy court's summary judgment order was erroneous. For the reasons set forth below, we disagree with each of these contentions. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

\* \* \*

To determine the scope of a bankruptcy court's jurisdiction in the post-confirmation context, we consider whether "the matter has a close nexus to the bankruptcy plan . . . and the plan provides for the retention of such jurisdiction." *In re Euro-Am. Lodging Corp.*, 549 Fed. Appx. 52, 54 (2d Cir. 2014) (summary order). Though we have never adopted these inquiries as a formal test in a published opinion or determined whether they extend to core proceedings, we have repeatedly cited them as guiding principles for assessing a bankruptcy court's jurisdiction after a plan of reorganization has been confirmed. *See In re Mosdos Chofetz Chaim Inc.*, 2023 WL 105715, at *3 (2d Cir. 2023) (summary order); *In re DPH Holdings Corp.*, 448 Fed. Appx. 134, 137 (2d Cir. 2011) (summary order). Here, we need not definitively resolve those questions because – assuming these inquiries apply – both are satisfied here.

First, the instant litigation affects the bankruptcy court's ability to enforce its own prior orders. The bankruptcy court's issuance of an injunction on May 25, 2021 in a related adversary proceeding specifically prohibited Rabbi Mayer Zaks and "those acting in active concert or participation with him" from entering onto or remaining on the property at issue. A-665–69. And its subsequent contempt and enforcement orders contemplated that those named in the injunction, including Rabbi Mayer Zaks, had no legal right to enter onto or remain on that property or any structure located thereupon. Appellants' present claim that they constitute the entity that owns the property, Congregation Radin Development Inc. ("CRDI"), is a direct threat to those prior orders issued by the bankruptcy court. The bankruptcy court's decision to enforce its prior orders falls squarely within its "core" jurisdiction, *see In re Motors Liquidation Co.*, 829 F.3d 135, 153 (2d Cir. 2016); *In re Millenium Seacarriers, Inc.*, 419 F.3d 83, 96 (2d Cir. 2005), and was necessary "to effectuate [the] plan of reorganization[,]" *Reese v. Beacon Hotel Corp.*, 149 F.2d 610, 611 (2d Cir. 1945); *see also In re DPH Holdings Corp.*, 448 Fed. Appx. at 137; *In re Gen.*

3

*Media, Inc.*, 335 B.R. 66, 73–74 (Bankr. S.D.N.Y. 2005).

Second, the plan of reorganization at issue—that of Mosdos Chofetz Chaim Inc.—contains broad jurisdictional clauses that clearly encompass the present dispute. For example, the plan provides that the bankruptcy court retains jurisdiction to "enforce all orders, judgments, injunctions, and rulings entered in connection with the Case"; "[r]esolve any and all controversies, suits or issues that may arise in connection with the consummation, interpretation or enforcement of the Plan"; and "[d]etermine any dispute arising under or related to the Plan." A-91. These clauses are broad enough to permit the bankruptcy court to exercise jurisdiction over the present litigation. Accordingly, the bankruptcy court had subject matter jurisdiction to hear this dispute, and we affirm the district court's resolution of this question.

Appellants next argue that the bankruptcy court erroneously granted summary judgment in favor of Appellees despite the existence of genuine issues of material fact. We review the bankruptcy court's order—and the district court's affirmance of the same—*de novo*. *See In re Blackwood Assocs., L.P.*, 153 F.3d 61, 67 (2d Cir. 1998) ("[W]e review a grant of summary judgment *de novo* . . . ."); *see also In re Anderson*, 884 F.3d 382, 387 (2d Cir. 2018) (explaining that this Court "engage[s] in plenary, or de novo, review of the district court decision[,]" applying "the same standard of review employed by the district court to the decision of the bankruptcy court").

Summary judgment is appropriate where "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Hellstrom v. U.S. Dep't of Veterans Affs.*, 201 F.3d 94, 97 (2d Cir. 2000) (internal quotation marks omitted). While the moving party bears the burden of demonstrating that no

4

genuine factual dispute exists, *Vt. Teddy Bear Co., Inc. v. 1-800 Beargram Co.*, 373 F.3d 241, 244 (2d Cir. 2004), the opposing party must respond with "specific facts showing that there is a genuine issue for trial" if the movant meets its initial burden, *Souza v. Exotic Island Enters., Inc.*, 68 F.4th 99, 108 (2d Cir. 2023) (internal quotation marks omitted). In ruling on a motion for summary judgment, a court must "examine the evidence in the light most favorable to, and draw all inferences in favor of, the non-movant." *Lucente v. IBM Corp.*, 310 F.3d 243, 253 (2d Cir. 2002).

Appellants assert that they submitted sufficient evidence, in the form of fifteen declarations, to preclude summary judgment. On a motion for summary judgment, "the judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). But a court does not err in granting summary judgment where the evidence presented is "merely colorable" or is "not significantly probative." *Id.* at 249–50. Rather, the opposing party "must offer some hard evidence showing that its version of the events is not wholly fanciful" in order to survive summary judgment. *Jeffreys v. City of New York*, 426 F.3d 549, 554 (2d Cir. 2005) (internal quotation marks omitted). Appellants have not done so here. Their declarations rely on conclusory assertions that those in attendance at the alleged meetings occurring on May 25, 2021 and September 1, 2021 were "members" of CRDI entitled to vote on matters related to the organization's Board of Trustees. But conclusory assertions are insufficient to raise a genuine issue for trial where a movant has demonstrated that "there is no evidence in the record upon which a reasonable factfinder could base a verdict in the [opposing party's] favor." *Id.*; *see also Major League Baseball Props., Inc. v. Salvino, Inc.*, 542 F.3d 290, 310 (2d Cir. 2008) ("A party opposing summary judgment does not show the existence of a genuine issue of fact to be tried merely by making assertions that are conclusory . . . ."). Having offered no other evidence that the

declarants are members of CRDI, Appellants fail to demonstrate the existence of a genuine factual dispute.

This conclusion is especially appropriate given the lengthy history of litigation between Appellants and CRDI. Where "no reasonable jury could . . . credit[] [the opposing party's] testimony[,]" a court does not err in awarding summary judgment. *Jeffreys*, 426 F.3d at 551. Accordingly, the district court properly considered whether a jury would believe Appellants' declarations, which incredibly asserted that "the same people who have for years been adverse to and have repeatedly sued CRDI" suddenly became CRDI. SPA-14.

Finally, Appellants argue that the bankruptcy court prematurely, and thus improperly, granted summary judgment without allowing Appellants to conduct discovery on issues they claim would have precluded summary judgment. As a general matter, summary judgment is only proper "if *after discovery*, the nonmoving party has failed to make a sufficient showing on an essential element of its case with respect to which it has the burden of proof." *Hellstrom*, 201 F.3d at 97 (alterations and internal quotation marks omitted). Before the court determines whether the opposing party has failed to make such a showing, the opposing party is ordinarily entitled to an "opportunity to discover information that is essential to his opposition." *Id.* (internal quotation marks omitted). "Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery." *Id.*

But that rare case occurs where the opposing party "proffer[s] no persuasive basis for the district court to conclude that further discovery would yield" evidence in support of the opposing party's claims. *Trebor Sportswear Co., Inc. v. Limited Stores, Inc.*, 865 F.2d 506, 512 (2d Cir. 1989). This is such a case. Appellants have pointed to no basis for concluding that further discovery would shed light on their claim that the declarants are voting members of CRDI, which

6

is the central issue on which the bankruptcy court granted summary judgment. Accordingly, the bankruptcy court properly denied Appellants' request to conduct further discovery, and the district court properly affirmed the same.

* * *

We have considered Appellants' remaining arguments and find them to be without merit. Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

A True Copy
Catherine O'Hagan Wolfe, Clerk
United States Court of Appeals, Second Circuit